## ED AGEE v. STATE.

No. A-7965.   Oct. 24, 1931.
(4 Pac. [2d] 132.)

James A. Embry and J. L. Emerick, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Lincoln county of a second and subsequent violation of the prohibitory liquor laws, and his punishment fixed by the jury at a fine of $250 and imprisonment in the state penitentiary for one year and one day.

The evidence of the state was that the officers had a search warrant for the southeast quarter of section 6, township 14, range 4, in Lincoln county, together with the buildings and outbuildings upon the premises; that defendant ate and slept in one of the outbuildings and worked for the owner of the premises; that the officers found three quarts of whisky in the outbuilding where defendant ate and slept, and in a lean-to found thirty gallons of mash concealed in a bin and covered by bran and shorts; that a sample of this mash was analyzed and found to contain $4\frac{1}{2}$ per cent. alcohol; that defendant, after being arrested, was searched, and a bottle containing a small

amount of whisky found on his person. The state introduced proper records showing a prior legal conviction of the defendant for a violation of the prohibitory liquor law.

Defendant, testifying for himself, admitted that he lived in the place where the liquor was found, but denied that he owned it or had placed it there.

Defendant in his brief says:

"Numerous errors are complained of in the motion for a new trial and in the petition in error but in his brief we will present two propositions both of which are properly presentable under the record:

"1. That the court erred in overruling the defendant's motion for a new trial, and

"2. That the verdict and judgment are not sustained by sufficient evidence and are contrary to law."

Defendant filed no motion to suppress the evidence and made no objection to the introduction of the liquor found, except he did object to the introduction of the mash exhibit, for the reason that it was not properly identified.

Defendant argues that the search warrant was not served as required by law.

By failing to object to the introduction of this evidence, defendant waived any irregularity or informality in the service of the search warrant.

The verdict and judgment being sustained by sufficient evidence, it was not error for the trial court to overrule the motion for a new trial.

For the reasons stated, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.